UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE HAZZARD,<br><br>    Plaintiff,<br><br>  v.<br><br>LIBBY SCHAAF, et al.,<br><br>    Defendants. | Case No.  22-cv-02921-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Now before the Court for consideration is the motion to dismiss filed by the following Defendants: the City of Oakland ("City"); Mayor Libby Schaaf ("Mayor Schaaf"); David Silver; Barbara J. Parker; Courtney Ruby ("Ruby"); and Ed Reiskin (collectively "City Defendants").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this cases, and it HEREBY GRANTING Defendants' motion, with leave to amend as set forth at the conclusion of this Order.

## BACKGROUND

In 2015, Mayor Schaaf launched an initiative called Oakland Promise (the "Initiative"), "a cross-sector partnership between the Oakland Unified School District ('OUSD'), the Mayor's Office, and the East Bay College Fund" ("EBCF"), and recommended that the City Council adopt a resolution to enter into a Memorandum of Understanding with EBCF to implement the Initiative. (Compl. ¶¶ 20-23, Ex. 10 at 1.)[2]  In 2016, the Oakland Public Education Fund ("OPEF") became

---

[1]     Defendants Mialisa Bonta, Andy Fremder, Rob Bonta, and Sabrina Landreth ("Landreth") have not yet appeared.

[2]     Plaintiff attaches a number of exhibits to his Complaint and cites to those exhibits throughout the Complaint.  The Court does not accept any disputed facts in the exhibits as true.

United States District Court
Northern District of California

1    the fiscal sponsor for the Initiative.  (Compl. ¶¶ 25-27, Ex. 13 at 2.)  In brief, Hazzard alleges that

2    the City Defendants improperly used City resources in connection with the Initiative, failed to

3    comply with certain provisions of the Internal Revenue Code, and made false statements about the

4    Initiative's status as an exempt organization under Section 501(c)(3), including filing false tax

5    returns.  (*See, e.g.,* Compl. ¶¶ 30-33.)

6         Hazzard asserts the following claims for relief based on the following federal statutes: (1)

7    26 U.S.C. sections 501 and 6033; (2) 18 U.S.C. section 1001; (3) 26 U.S.C. sections 7206 and

8    7207[3]; and (4) 26 U.S.C. section 6104.[4]  Hazzard asks the Court for order requiring Defendants to,

9    *inter alia*, provide full disclosure of the legal non-profit status of the Initiative/Oakland Promise,

10   restore funds to the City, and direct the Secretary of State to revoke Oakland Promise's false

11   business registration.  (Compl., Prayer for Relief.)

12                                      **ANALYSIS**

13        Defendants move to dismiss for failure to state a claim under Federal Rule of Civil

14   Procedure 12(b)(6).  Under Rule 12(b)(6), a court generally "is limited to the allegations in the

15   complaint, which are accepted as true and construed in the light most favorable to the plaintiff."

16   *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).[5]  Because Hazzard is

17   proceeding *pro se*, the Court must construe his pleadings liberally.  *Hebbe v. Pliler*, 627 F.3d 338,

18   342 (9th Cir. 2010).  However, the Court may not "supply essential elements of the claim that

19   were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.

20

21   [3]    Hazzard only asserts this claim against Mialisa Bonta and Andy Fremder.  Sections 7206
22   and 7207 provide for criminal penalties for violations of the Internal Revenue Code.  For the
     reasons set forth in this Order on Hazzard's other federal claims, the Court concludes there is no
23   private right of action for a violation of these statutes.  Accordingly, the Court dismisses this claim
     as well.

24   [4]    Hazzard also asserts claims for relief under state law.  Because Hazzard has failed to state
25   any federal claims and because the parties are not diverse, the Court declines to exercise
     jurisdiction over the state law claims and dismisses them without prejudice.  This ruling is without
26   prejudice to Hazzard renewing the claims if he is able to state a viable federal claim.

27   [5]    In his opposition, Hazzard argues that he is the legal and rightful owner of the name
     Oakland Promise.  He also argues that he donated to Oakland Promise and submits documentation
28   of that donation.  Those facts are not alleged in the Complaint, and the Court has considered them
     solely to determine if amendment would be futile.

United States District Court
Northern District of California

1    1982).

2        Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a

3    plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

4    labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do."

5    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265,

6    286 (1986)).  Pursuant to *Twombly*, a plaintiff must not allege conduct that is conceivable but must

7    allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim

8    has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the

9    reasonable inference that the Defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

10   556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are insufficient to

11   state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g.,*

12   *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N.*

13   *Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

14       The City Defendants move to dismiss Hazzard's first, second, and fifth claims for relief on

15   the basis that the Federal statutes on which Hazzard premises his claims do not provide a private

16   right of action.  None of the statutes at issue expressly provide for a private right of action, and the

17   bulk of authority supports a conclusion that there is no such right.  *See, e.g., Lee v. U.S.A.I.D.*, 859

18   F.3d 74, 76-78 (D.C. Cir. 2017) (no private right of action for violations of 18 U.S.C. § 1001);

19   *Schulhoff v. Queens College Found, Inc.*, 165 F.3d 183, 184 (2d Cir. 1999) (no private right of

20   action under 26 U.S.C. § 6104); *Reagan v. Brown*, No. 18-cv-877-G-BH, 2020 WL 3052513, at *3

21   (N.D. Tex. Apr. 23, 2020), *report and recommendation adopted by* 2020 WL 3051447 (N.D. Tex.

22   June 8, 2020) (finding no private right of action for 26 U.S.C. section 6033); *Cuong Doan v.*

23   *Vietnamese Buddhist Ass'n of Sacramento*, No. 19-cv-00996-KJM-KJN PS, 2019 WL 2763167, at

24   *2 (E.D. Cal. July 2, 2019) (finding no private right of action under 26 U.S.C. 6104 and citing

25   cases); *Ferguson v. Centura Health Corp.*, 358 F. Supp. 2d 1014, 1016-1018 (D. Colo. 2014)

26   (finding no implied right of action under 26 U.S.C. section 501); 26 U.S.C. § 7801(a)(1) ("Except

27   as otherwise expressly provided by law, the administration and enforcement of this title shall be

28   performed by or under the supervision of the Secretary of the Treasury."); *cf. Aldabe v. Aldabe*,

United States District Court
Northern District of California

616 F.2d 1089, 1092 (9th Cir. 1980) (finding no private right of action for alleged violations of criminal statutes).

Hazzard fails to come forth with any authority to the contrary.  Accordingly, the Court GRANTS Defendants' motion to dismiss.  Although Hazzard cannot state a claim based on the alleged violations of the Federal statutes cited, at this juncture, the Court cannot conclude there is no basis on which Hazzard might be entitled to relief.  Accordingly, it will grant him an opportunity to amend.  If he chooses to file an amended complaint, he shall do so by no later than November 1, 2022 and shall serve a copy of the amended complaint on the Defendants who have not yet appeared in accordance with the Federal Rules.  The Defendants shall have 21 days to answer or otherwise respond to an amended complaint from the date they are served.

**IT IS SO ORDERED**.

Dated: October 4, 2022

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California