UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE HAZZARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIBBY SCHAAF, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02921-JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 28 |

On October 4, 2022, the Court granted a motion to dismiss filed by some of the Defendants in this case. The Court determined that oral argument was not required to resolve the motion, and it vacated the hearing date. It also granted Plaintiff leave to amend on some conditions.

On October 21, 2022, Plaintiff filed a motion for reconsideration of the ruling on the motion and of the Court's decision to vacate the hearing on the motion and to vacate the case management conference. Under the Northern District Local Rules, a party must seek leave of court to file a motion for reconsideration. *See* N.D. Civ. L.R. 7-9(a). A party may move for reconsideration on the basis that:

> (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.* 7-9(b).

1  However, a party may not repeat "any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." *Id.* 7-9(c). Finally, unless the Court orders otherwise, it does not need to require the other party to respond and does not need to hold a hearing on such a motion. *Id.* 7-9(d).

Plaintiff did not seek leave from this Court to file his motion, but in the interests of justice, the Court will excuse this requirement this time. **Going forward, if Plaintiff wishes the Court to reconsider a ruling, he must also seek leave of Court to file a motion for reconsideration and clearly articulate which of the three grounds for reconsideration he contends is applicable.**

Plaintiff argues that "[i]t is difficult to understand how [the Court] could make" a decision on the Defendants' motion "without Plaintiff having a chance to argue his case before the Court, and without having a Case Management Conference to give the parties a change to settle their differences." (Motion at 1:23-25.) First, the Northern District Civil Local Rules give the Court discretion to hear motions without oral argument, and the Court exercised its discretion in this case. It concluded that oral argument was not necessary to resolve the motion. Second, the case management conference is not the place for the parties to settle their differences. If this case proceeds, the Court will set a case management conference to set the deadlines that will govern in this case, and it will also determine the appropriate alternative dispute resolution process.

Plaintiff also asks the Court to revisit its decision on the motion to dismiss. Liberally construed, Plaintiff argues that he believes the Court failed to consider material facts and dispositive legal arguments. The Court considered Plaintiffs' arguments and the facts that were material to its decision, and it finds no basis to revisit that decision. Accordingly, the Court DENIES the motion for reconsideration.

Although the Court concluded that he could not state a claim based on the federal statutes cited in his complaint, the Court granted Plaintiff leave to amend his complaint because it could not conclude there was no basis on which he could state a claim for relief.

As the Court previously ordered, if Plaintiff chooses to amend, he shall do so by November 1, 2022. The Court also advises Plaintiff that the Court's website contains other helpful information about how to proceed without a lawyer (https://www.cand.uscourts.gov/pro-se-litigants.) In addition, Plaintiff may wish to contact the Volunteer Legal Help Center by emailing fedpro@sfbar.org or by calling the appointment line at 415-782-8982. The attorney at the Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer.

**IT IS SO ORDERED**.

Dated: October 24, 2022

_____
JEFFREY S. WHITE
United States District Judge