UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE HAZZARD,<br><br>    Plaintiff,<br><br>v.<br><br>LIBBY SCHAAF, et al.,<br><br>    Defendants. | Case No. 22-cv-02921-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING NOTICE OF REQUEST TO BE HEARD**<br><br>Re: Dkt. No. 31, 39 |

Now before the Court for consideration is the motion to dismiss filed by the following Defendants: the City of Oakland ("City"); Mayor Libby Schaaf ("Mayor Schaaf"); David Silver; Barbara J. Parker; Courtney Ruby ("Ruby"); and Ed Reiskin (collectively "City Defendants").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument.[2] *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for January 13, 2023, and it GRANTS

---

[1] Plaintiff also sued Mialisa Bonta, Andy Fremder, Rob Bonta, and Sabrina Landreth ("Landreth"). To date, these Defendants have not appeared.

[2] On December 14, 2022, Plaintiff filed an "opposition" to Defendants' reply brief with a supplemental request for judicial notice. (Dkt. No. 35, "Sur-Reply".) Plaintiff did not seek leave of court to file these materials. Although Plaintiff is proceeding *pro se,* he expected to comply with the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). However, in the interests of justice, the Court has considered the materials, which do not alter its analysis.

The Court ordered that an exhibit to Plaintiff's sur-reply be redacted on the basis that it included a check that had personally identifying information for non-parties. On December 27, 2022, Plaintiff filed a notice of request to be heard, in which he objects to that Order. Although Mr. Silver is a party, Ms. Aquino is not. The Court redacted the address and the account number on the check and will not revisit that decision. Accordingly, Plaintiff's request to be heard is DENIED.

Defendants' motion.

## BACKGROUND

As set forth in the Court's Order granting the City Defendants' motion to dismiss Plaintiff's initial complaint:

> in 2015, Mayor Schaaf launched an initiative called Oakland Promise (the "Initiative"), "a cross-sector partnership between the Oakland Unified School District ('OUSD'), the Mayor's Office, and the East Bay College Fund" ("EBCF"), and recommended that the City Council adopt a resolution to enter into a Memorandum of Understanding with EBCF to implement the Initiative. … In 2016, the Oakland Public Education Fund ("OPEF") became the fiscal sponsor for the Initiative.

(Dkt. No. 27, Order Granting Motion to Dismiss ("Order") at 1:20-2:1; *see also* FAC ¶ 7, Ex. C.)

Plaintiff alleges that he filed an application to use Oakland Promise as a fictitious business name and that he has legal ownership of the name. According to the record, Plaintiff states he began to transact business using that name on June 24, 2019. (FAC ¶ 5, Ex. A.) Plaintiff also alleges that Defendants have used the name Oakland Promise without his authorization since he obtained the name. (*Id.* ¶¶ 6, 10-11, Exs. B-C.) Plaintiff also continues to allege that the City Defendants have failed to comply with certain provisions of the Internal Revenue Code and have made false statements about the Initiative's status as an exempt organization under Section 501(c)(3), including filing false tax returns. (*Id.* ¶¶ 7-9.)[3]

Plaintiff does not clearly set forth his claims for relief but alleges the City Defendants violated the Lanham Act, 15 U.S.C. section 1125, California Corporations Code section 6010(a), and Ordinance 13696 of the Oakland City Charter. The Court will address additional facts as necessary in the analysis.

## ANALYSIS

Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a court generally "is limited to the allegations in the

---

[3]   In his opposition, Plaintiff does suggest that he continues to pursue claims based on the alleged failure to comply with these requirements. (Opp. Br. at 2:4-7, 4:21-5:6; *see also* Sur-Reply.) The Court finds no basis to revisit its decision that there is no private right of action based on the federal or state regulations cited in Plaintiff's initial complaint. (Order at 3:14-4:4.)

1 complaint, which are accepted as true and construed in the light most favorable to the plaintiff."
2 *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Because Hazzard is proceeding
3 *pro se*, the Court must construe his pleadings liberally.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th
4 Cir. 2010).  However, the Court may not "supply essential elements of the claim that were not
5 initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

      Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff must not allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, If a plaintiff fails to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).  However, if a plaintiff has previously amended a complaint, a court has "broad" discretion to deny leave to amend.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

      The City Defendants move to dismiss each of Hazzard's claims for relief.  It is undisputed that Hazzard does not have a trademark registration for Oakland Promise.  In order to state a claim for infringement of an unregistered mark, a plaintiff must show "(1) it has a valid, protectable trademark, and (2) [the defendant's] use of the mark is likely to cause confusion."  *Applied Info. Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007)  In addition, with an unregistered mark, "the plaintiff must be the first to use the mark in commerce, and such use must be lawful." *AK Futures LLC v. Boyd Street Disco, LLC*, 35 F.4th 682, 689 (9th Cir. 2022).

      Here, Plaintiff himself alleges that he was not the first to use the Oakland Promise mark in commerce.  Plaintiff does not address the City Defendants' argument that he was not the first to

3

use the Oakland Promise mark. Further, although Plaintiff's purported use of the Oakland Promise mark purportedly pre-dates the use of the mark by Defendants that have not yet appeared, he fails to allege facts to show Defendants' use of the mark is likely to cause confusion.

The marks are identical in sight and sound. However, Plaintiff does not include any facts about how *he* uses the name Oakland Promise and has not alleged that any instances of actual confusion between his use of the name and the non-appearing Defendants' use. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979) (factors to be analyzed to determine likelihood of confusion are (1) strength of the allegedly infringed mark; (2) proximity or relatedness of the goods; (3) similarity of the sight, sound, and meaning of the marks; (4) evidence of actual confusion; (5) degree to which the marketing channels converge; (6) type of the goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting the allegedly infringing mark; and (8) likelihood that the parties will expand their product lines). Plaintiff's allegations of trademark infringement are not sufficient to satisfy the pleading requirements set forth in *Twombly*. Accordingly, the Court DISMISSES this claim, and it finds that it would be futile to grant Plaintiff any further leave to amend.

Barring facts to show that the parties are completely diverse and without a viable federal claim, there are no facts to suggest the Court has original jurisdiction over this matter. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims

should be dismissed as well") (footnote omitted), superseded by statute, 28 U.S.C. § 1367.

Taking these factors into consideration, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice to refiling the claims in state court. Therefore, the Court GRANTS the motion to dismiss. The Court shall enter a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: January 3, 2023

_____
JEFFREY S. WHITE
United States District Judge